UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SATNAM SINGH RANDHAWA,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

CASE NO. C12-0416-RSM-MAT

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On or about March 9, 2012, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenges the lawfulness of his immigration detention. (Dkt. No. 1.) Petitioner seeks either release from custody or an individualized bond hearing. *Id*. at 2. After the habeas petition was filed, petitioner was provided with an individualized bond hearing before an Immigration Judge, who granted petitioner release under bond in the amount of $7500. (Dkt. No. 14, Ex. A.) Petitioner posted bond and was released from immigration custody on April 30, 2012. *Id*. His habeas petition has therefore become moot and should be dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Petitioner's release from immigration detention has effectively mooted his petition for writ of habeas corpus. Petitioner has only sought release from custody pending his removal from the United States. Petitioner has not shown that he suffers from any legally cognizable collateral consequences from his detention. Petitioner's release under bond has effectively mooted his habeas corpus petition, as his present release has secured him the relief he has requested. *See Abdala*, 488 F.3d at 1064 ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). The Court therefore recommends that this action be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 21st day of May, 2012.

Mary Alice Theiler
United States Magistrate Judge